**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5217

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE TORRES-AGUILAR, a/k/a Jorge Aguilar Torres, a/k/a Nectacin Gonzalez-Pineda,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-000228-WLO)

Submitted: November 15, 2007      Decided: November 20, 2007

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Scott Coalter, MCKINNEY & JUSTICE, PA, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Torres-Aguilar appeals his 55-month sentence imposed pursuant to his guilty plea to reentry of an illegal alien felon. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief and Torres-Aguilar has not filed a pro se supplemental brief. The Government elected not to file a brief. Counsel raises the issue of whether Torres-Aguilar's sentence was reasonable. We affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determine an appropriate sentence. Davenport, 445 F.3d at 370. A sentence imposed within the properly calculated guideline range is presumptively reasonable. Rita v. United States, 127 S. Ct. 2456 (2007); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). If a court imposes a sentence outside the guideline range, it must state its reasons for doing so. Hughes, 401 F.3d at 546. Because the district court adequately explained the basis for its sentencing

- 2 -

decision, taking into consideration Torres-Aguilar's arguments, and sentenced Torres-Aguilar within the guideline range, we conclude that the resulting fifty-five month sentence was reasonable. <u>See</u> <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 3044 (2007); <u>Green</u>, 436 F.3d at 457.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Torres-Aguilar's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>